NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN M. BARELA,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3048

---

Petition for review of the Merit Systems Protection Board in case No. DC1221090641-W-1.

---

Decided: July 13, 2010

---

SUSAN M. BARELA, of Fairfax, Virginia, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMAN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, BRYSON, and GAJARSA, *Circuit Judges*.

PER CURIAM.

## DECISION

Susan M. Barela challenges the decision of the Merit Systems Protection Board dismissing her Individual Right of Action ("IRA") appeal. We affirm.

## BACKGROUND

On June 18, 2009, Ms. Barela filed an IRA appeal under 5 U.S.C. § 1221 and requested relief under the Whistleblower Protection Act ("WPA"), 5 U.S.C. §§ 1221(e), 2302(b)(8). In her appeal, Ms. Barela alleged that the Department of Defense took a personnel action against her in June 1991. Ms. Barela also stated that she submitted a request to the Office of Special Counsel ("OSC") on June 15, 2009, but that as of June 18, 2009, she had not received written notice of her right to appeal. As to her alleged whistleblowing disclosures, Ms. Barela appears to claim that she made disclosures with respect to (1) allegedly inappropriate action taken by an administrative judge during a prior appeal, as found in the record of that case, and (2) allegedly inappropriate action taken by various military members, employees, and contractors as described in "past submissions, pending submissions, [and] future submissions" for the time period from 1991 through the year 2050. In her IRA appeal, Ms. Barela also stated that, on June 15, 2009, she requested that the Board stay the personnel action underlying her claim. When asked to explain why a stay should be granted, Ms. Barela stated, "See Previous Submissions/Whistleblower Appeal/Board Record/Pending Submissions etc., from 1991-2050."

On July 8, 2009, the administrative judge who was assigned to the case dismissed Ms. Barela's appeal for lack of jurisdiction. The administrative judge first noted that Ms. Barela failed to respond to a "show cause" order directing her to file evidence and argument to establish that the Board had jurisdiction over her IRA appeal. The administrative judge then held that the Board lacked jurisdiction over Ms. Barela's appeal on the following grounds: (1) Ms. Barela "failed to exhaust her remedies before the OSC"; (2) she "failed to make a nonfrivolous allegation that she made a protected whistleblowing disclosure"; and (3) she "failed to make a nonfrivolous allegation that a protected whistleblowing disclosure was a contributing factor in any personnel action covered by the WPA." The administrative judge denied her request for a stay of the personnel action underlying her whistleblower claim for similar reasons. The full Board denied Ms. Barela's petition for review, and Ms. Barela now petitions for review by this court.

## DISCUSSION

Based on the record and on Ms. Barela's informal brief, it appears that Ms. Barela seeks to use this IRA appeal to review decisions made in prior cases that she has brought. However, 5 U.S.C. § 1221 does not authorize an appellant to challenge prior decisions that have become final. Because the Board has jurisdiction only where jurisdiction is specifically granted by statute or regulation, *see Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc), the Board correctly dismissed Ms. Barela's IRA appeal.

To the extent that Ms. Barela seeks corrective action in response to a violation of the WPA, the Board properly determined that it lacked jurisdiction over Ms. Barela's

appeal.  First, the Board did not err in ruling that Ms. Barela failed to show that she exhausted her remedies before the OSC, because Ms. Barela produced no evidence or argument on that issue.  *See Pasley v. Dep't of the Treasury*, 109 M.S.P.R. 105, 112 (2008) ("The appellant bears the burden of showing that he exhausted his remedies before [the] OSC.").  In particular, 5 U.S.C. § 1214(a)(3) permits an IRA appellant to file an IRA appeal with the Board in two situations: (1) within 60 days after receiving notice from the OSC that it has completed its investigation, or (2) after 120 days from the date that the IRA appellant sought corrective action from the OSC if the OSC has not informed the appellant that it will seek corrective action on the appellant's behalf.  Ms. Barela represented that she had not received notice that the OSC had completed its investigation and that she filed her IRA appeal three days after submitting her complaint to the OSC.  Because it appears that Ms. Barela did not satisfy either requirement of section 1214(a)(3), the Board was correct to dismiss her appeal for failure to exhaust her administrative remedies.

Second, the Board correctly concluded that Ms. Barela failed to make a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).  *See Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).  The statements in her IRA appeal concerning her alleged disclosures are inadequate to establish jurisdiction because they are vague, conclusory, and unsupported by any evidentiary allegations.  *See McDonnell v. Dep't of Agric.*, 108 M.S.P.R. 443, 447 (2008).

Third, the Board properly held that Ms. Barela failed to make a nonfrivolous allegation that a protected disclosure was a contributing factor in the agency's decision to take a personnel action against her.  *See Kahn*, 528 F.3d

at 1341.  Even at this juncture, it is unclear how Ms. Barela regards any protected disclosure that she may have made to be related to some qualifying personnel action taken against her by the agency.

Because Ms. Barela failed, on multiple grounds, to establish the Board's jurisdiction over her IRA appeal, we uphold the Board's decision.

**AFFIRMED**