# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FREDERICK JACOB ROLL,<br>        Appellant,<br><br>            v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DOCKET NUMBER<br>AT-1221-14-0613-W-1<br><br><br>DATE: April 15, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederick Jacob Roll, Fort White, Florida, pro se.

Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) whistleblower appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order as to the administrative judge's analysis of the appellant's alleged protected disclosure, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant retired from service with the agency effective January 28, 2012. Initial Appeal File (IAF), Tab 5, Subtab 4e. After retiring, the Office of Personnel Management (OPM) informed him that his Civil Service Retirement System (CSRS) annuity would be offset by $215.00 per month because of his eligibility to receive social security benefits. IAF, Tab 1 at 29; *see* 5 U.S.C. § 8349. The appellant, however, previously had received a retirement annuity estimate from his former employing agency that did not account for this offset. IAF, Tab 1 at 31. Upon learning of the offset, the appellant complained to several different Government agencies, agency employees, and elected officials about the miscalculation, and subsequently sought reinstatement to employment with the agency. *Id*. at 57-61. After the agency elected not to reinstate him, the appellant filed a whistleblower complaint with the Office of Special Counsel

(OSC), and then filed the instant IRA appeal alleging a retaliatory failure to reinstate him to employment based on protected whistleblowing.[2]

¶3      Following a hearing, the administrative judge found that the appellant established jurisdiction over his IRA appeal but denied his request for corrective action on the merits, finding that he failed to prove by preponderant evidence that he reasonably believed he made a protected disclosure under 5 U.S.C. § 2302(b)(8).[3]  IAF, Tab 12, Initial Decision (ID) at 6-7.  The appellant filed a petition for review of the initial decision, and the agency filed a response in opposition.  Petition for Review (PFR) File, Tabs 1, 4.

## ANALYSIS

¶4      To secure corrective action from the Board in an IRA appeal, an appellant must first seek corrective action from OSC.  *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).  If an appellant exhausts his administrative remedies with OSC,[4] he then must establish Board jurisdiction by nonfrivolously alleging that he made a protected disclosure that was a contributing factor in the challenged personnel action.  *Id*.  Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim.  *Id*.  To prevail on the merits of his claim, the appellant must prove by preponderant evidence that (1) he made a protected disclosure concerning one or more

---

[2] The appellant also filed an appeal with the Board alleging that his retirement was involuntary based upon agency misinformation.  *See Roll v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0612-I-1.  The administrative judge joined the instant appeal and the involuntary retirement appeal for hearing, but issued separate initial decisions.  IAF, Tab 6.  Only the appellant's whistleblower reprisal allegations are addressed herein.

[3] Section 2302(b)(8) lists the following categories of protected whistleblowing: a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; and a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 20 (2013).

[4] The agency has not challenged the administrative judge's finding that the appellant exhausted his remedies with OSC.  ID at 5-6; IAF, Tab 5, Subtab 4d.

categories of wrongdoing enumerated in section 2302(b)(8), and (2) his protected disclosure was a contributing factor in the challenged personnel action. *Id.*, ¶ 10. If the appellant makes such a showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure. *Id.*; *see* 5 U.S.C. § 1221(e)(2).

The administrative judge incorrectly imposed an actual violation standard in concluding that the appellant did not have a reasonable belief that he made a protected disclosure.

¶5        In his initial decision, the administrative judge found that the appellant failed to establish that he reasonably believed he made a protected disclosure under section 2302(b)(8) when he complained about an agency human resources specialist's failure to inform him that his retirement annuity would be offset by his social security benefits.  ID at 6-7.  In reaching this conclusion, the administrative judge relied upon his findings in the appellant's involuntary retirement appeal that the appellant failed to prove that the human resources specialist provided him with material misinformation that caused him to retire involuntarily.  ID at 6-7.  Based upon those findings, the administrative judge concluded that a person in the appellant's position could not have reasonably believed that he disclosed one of the categories of wrongdoing under section 2302(b)(8) when he complained about the omitted offset information.[5]  ID at 7.

¶6        We respectfully disagree with the administrative judge's reasoning in this regard.  The Board has held that an appellant need not establish an actual violation of one of the categories of wrongdoing listed in section 2302(b)(8) in order to demonstrate that he had a reasonable belief that he made a protected disclosure. *See Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 17 (2011).  Rather, an appellant need prove only that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the

[5] As explained below, the administrative judge did not identify which category of wrongdoing the appellant's disclosure allegedly involved.  ID at 6-7.

employee could reasonably conclude the agency's actions evidenced one of the categories of wrongdoing listed therein. *See* 5 U.S.C. § 2302(b)(13); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). Here, because the administrative judge relied on his factual conclusion that the agency did not provide the appellant with materially misleading information that caused him to retire involuntarily, we find that the administrative judge employed a higher standard that focused on whether the appellant proved some quantum of actual agency wrongdoing. Such a showing of an actual wrongdoing is not needed for an appellant to establish that he had a reasonable belief that he made a protected disclosure under section 2302(b)(8). *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 26 (2013).

The appellant failed to prove that he made a protected disclosure of a violation of law, rule, or regulation under section 2302(b)(8).

¶7        Upon our review of the record, we find that the appellant failed to prove that he made a protected disclosure of a violation of a law, rule, or regulation under section 2302(b)(8) concerning the conduct of the agency's human resources specialist.[6] The test for establishing a protected disclosure under section 2302(b)(8) is not onerous. Both the Board and the U.S. Court of Appeals for the Federal Circuit have found that an appellant is not required to identify the particular statutory or regulatory provision by title or number that the agency allegedly violated when his statements and the circumstances of those statements clearly implicate an identifiable law, rule, or regulation. *See Langer v.*

---

[6] Based upon the nature of the appellant's allegations, none of the other categories set forth in 5 U.S.C. § 2302 are implicated in this appeal. To the extent the appellant alleged that the Director abused his discretion by not reinstating him to employment, IAF, Tab 3 at 17, we have found no evidence in the record that the appellant presented this particular allegation of wrongdoing to OSC in his whistleblower complaint, IAF, Tab 5, Subtab 4d (OSC close out letter referencing that the appellant disclosed that the human resources specialist "misadvised [him] regarding [his] retirement benefits"). The Board may consider only the specific allegations of reprisal that have been presented to OSC. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004).

*Department of the Treasury*, [265 F.3d 1259](#), 1266 (Fed. Cir. 2001); *Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](#), ¶ 17 (2011). Rather, an appellant need prove only that a disinterested observer in his position could have reasonably concluded that his disclosure evidenced a violation of a law, rule, or regulation. *See Webb v. Department of the Interior*, [122 M.S.P.R. 248](#), ¶ 6 (2015). Despite this modest pleading standard, an employee must make more than a vague, conclusory, or unsupported allegation of wrongdoing under section 2302(b)(8). *See Phillip v. Merit Systems Protection Board*, No. 2016–1002, 2016 WL 929856, at *2 (Fed. Cir. Mar. 11, 2016) (holding that a claim that "possible unscrupulous practices" were occurring at the workplace did not constitute a nonfrivolous allegation of a protected disclosure)[7]; *Barela v. Merit Systems Protection Board*, 388 F. App'x 965, 967 (Fed. Cir. 2010); *Linder v. Department of Justice*, [122 M.S.P.R. 14](#), ¶ 14 (2014); *McDonnell v. Department of Agriculture*, [108 M.S.P.R. 443](#), 447 (2008).

¶8      We have considered whether the statutory amendments of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112‑199, 126 Stat. 1465 (WPEA),[8] have altered the law regarding vague and conclusory allegations and find that they have not. In enacting the WPEA, Congress amended several provisions within title 5 of the U.S. Code, including the definition and scope of a protected disclosure under [5 U.S.C. § 2302](#)(b)(8). *See Day v. Department of Homeland Security*, [119 M.S.P.R. 589](#), ¶¶ 12, 18 (2013) (citing WPEA, § 101). Among these amendments are (1) a change in the language of section 2302(b)(8) from *a violation* of any law, rule, or regulation, to *any violation* of any law, rule, or regulation, and (2) the addition of several new

---

[7] The Board has held that it may rely on unpublished decisions of the Federal Circuit if, as it does here, it finds the reasoning persuasive. *Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 245](#), ¶ 11 n.2 (2010).

[8] This appeal was filed after the December 27, 2012 effective date of the WPEA, and the WPEA's provisions thus apply.

subsections in section 2302(f) that clarify the definition of a protected disclosure. *See* WPEA, § 101(a), (b)(2)(C); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 n.3 (2013); *Day*, 119 M.S.P.R. 589, ¶¶ 18-26. Additionally, under the WPEA, Congress expanded the grounds upon which an appellant can file an IRA appeal with the Board to include certain classes of protected activity under sections 2302(b)(9)(A)(i), (B), (C), or (D).[9] *See* 5 U.S.C. § 1221(a); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014).

¶9    Absent from the WPEA's various amendments, however, is any change to the Board's decisional authority finding that vague and conclusory allegations fail to meet this standard. Congress's silence on these topics in the WPEA is germane, especially in light of the substantial amendments it made to existing Federal whistleblower protections. *See Butterbaugh v. Department of Justice*, 336 F.3d 1332, 1342 (Fed. Cir. 2003) ("Congress may be presumed to know of long-standing administrative or judicial constructions, and to adopt that interpretation when it re-enacts a statute without change."); *Haywood v. Office of Personnel Management*, 65 M.S.P.R. 603, 609-10 (1994) (stating that, when Congress adopts a new law incorporating sections of a prior law without change, Congress is presumed to have been aware of the administrative or judicial interpretation of the incorporated sections and to have adopted that interpretation).

¶10    After extensively reviewing the appellant's written submissions, we are unable to conclude that his complaints about the human resources specialist prove any violation of any law, rule, or regulation. In September 2012, the appellant received notice from OPM that his CSRS retirement annuity would be offset by his social security benefits. IAF, Tab 1 at 29. The following month, he wrote to the Director of the North Florida/South Georgia Veterans Health System

---

[9] None of the additional bases for filing an IRA appeal with the Board are implicated in this case.

complaining that the human resources specialist failed to explain that his retirement annuity would be subject to an offset. *Id*. at 57-61. In his letter to the Director, the appellant summarized his history of Federal service, stated that had he known his annuity would be offset he would not have retired, and sought reinstatement to his previous position. *Id*. Although he asserted that he did not receive all of the information he thought he should have received prior to retiring and contended that he was told his CSRS retirement annuity would not be offset, a contention concerning a mere mistake or simple error without more does not prove a violation of a law, rule, or regulation.

¶11     The appellant wrote to the Director a second time on December 2, 2012, again stating that he would not have retired had he known that his annuity would be offset, that he was told by the human resources specialist that his annuity would not be offset, and that he wanted to be reinstated. *Id*. at 62-71. Similar to his first correspondence, the appellant made no allegation of illegality or a violation of any law, rule, or regulation in this correspondence, and only asserted that he had been misinformed prior to retiring. *Id*. The appellant also acknowledged that another human resources specialist had contacted him about his reinstatement request and that he was working with her in applying for reinstatement. *Id*. at 62-63.

¶12     Finally, the appellant wrote to the Director a third time later in December 2012, this time questioning why the Director had not responded to him, asserting that he was of good character and should be reinstated, and arguing for the first time that the human resources specialist broke "the federal law and the federal code of conduct by lieing [sic] to me." *Id*. at 55. Apparently prior to receiving this last correspondence, the Director responded to the appellant in a letter dated December 31, 2012.[10] IAF, Tab 3 at 17-18. In this letter, the Director apologized

---

[10] The Director's letter references the appellant's October 3 and December 2, 2012 correspondence, but does not reference the appellant's third letter dated later in December 2012. IAF, Tab 3 at 17.

for the confusion surrounding the appellant's annuity estimate, explained the CSRS offset process, and referenced that a human resources specialist had been assigned to help him seek reinstatement. *Id*.

¶13        Based upon the statements contained within the appellant's submissions to the Director, we find that he has failed to prove that he disclosed a violation of any law, rule, or regulation under section 2302(b)(8). Rather, the appellant's statements about the human resources specialist's conduct are similar to other general assertions of alleged wrongdoing that the Board has found do not constitute protected disclosures of any law, rule, or regulation. *See Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶¶ 11-12 (2008) (finding that a statement that an employee violated the law by participating in the cancellation of a contract was too vague to even qualify as a nonfrivolous allegation of a protected disclosure), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (determining that general allegations of harassment and discrimination were too vague to constitute nonfrivolous allegations of protected disclosures). The Board, moreover, has found that an individual's allegation that another employee lied, without more, does not constitute a protected disclosure under section 2302(b)(8). *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006). Similarly, the appellant's allegation that the human resources specialist broke "the federal law and the federal code of conduct" by purportedly lying to him does not clearly implicate an identifiable law, rule, or regulation for the purpose of proving that he made a protected disclosure under section 2302(b)(8).[11]  *See Chavez*,

---

[11] Among the additional correspondence in the record are two letters the appellant wrote, one to the former Secretary of the Department of Veterans Affairs in April 2013 complaining about the Director, and a second to the President in December 2013 accusing the human resources specialist of violating both "the merit systems principles" and 18 U.S.C. § 1001. IAF, Tab 1 at 72-77, 79. These letters could not have influenced the agency's decision not to reinstate the appellant because they both postdate the challenged action. *Id*. at 33 (Director's letter to U.S. Congressman Ander Crenshaw dated February 15, 2013, explaining that the appellant had not been selected for

120 M.S.P.R. 285, ¶ 19 (finding that an allegation that medical carts were not cleaned and stocked at a shift change, supposedly pursuant to agency regulations, which the appellant failed to provide, did not clearly implicate a specific law, rule, or regulation).

¶14      Based on the foregoing, we find that the appellant has failed to prove that he made a protected disclosure under section 2302(b)(8), and we affirm as modified the initial decision denying the appellant corrective action in his IRA appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the

reinstatement); *see* MSPB Docket No. AT-0752-14-0612-I-1, Tab 27, Hearing Compact Disc (testimony of the Director).  These letters therefore do not change the disposition of this appeal.  *See Orr v. Department of the Treasury*, 83 M.S.P.R. 117, ¶ 15 (1999) (explaining that an act taken prior to a disclosure could not have been influenced by that disclosure), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (Table).

Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.