# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

R. SCOTT STEVENS,
            Appellant,

       v.

DEPARTMENT OF
   TRANSPORTATION,
            Agency.

DOCKET NUMBER
AT-1221-15-0481-W-1

DATE: July 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bobby Devadoss</u>, Esquire, and <u>Elizabeth Morse</u>, Esquire, Dallas, Texas, for
   the appellant.

<u>Parisa Naraghi-Arani</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision, except as expressly MODIFIED to supplement the administrative judge's jurisdictional analysis.

## BACKGROUND

¶2    The appellant is a Supervisory Computer Specialist, FV-0334-15, within the agency's Office of Information and Technology (AIT), Federal Aviation Administration (FAA), in Atlanta, Georgia. Initial Appeal File (IAF), Tab 1 at 1. The agency underwent reorganization between 2011 and 2013 to create a shared services organization, the Office of Finance and Management (AFN). IAF, Tab 14 at 23-24. AIT is the unit within AFN that houses the agency's information technology functions. *Id.* The agency assessed its information technology employees and, in or around July 2013, notified them of their new assignments within AIT. *Id.* As a result of the reorganization, the appellant became Manager, Infrastructure Applications, in the Infrastructure and Operations Service Division.[2] *Id.* at 38; IAF, Tab 15 at 5.

---

[2] During the course of this appeal, however, the appellant has been detailed to the Department of Energy. His detail was set to end in December 2015. Petition for Review File, Tab 6 at 6; IAF, Tab 15 at 7-8.

¶3      In late 2013, the appellant raised concerns to his third-level supervisor regarding the process by which AIT employees had been placed in their new positions.   IAF, Tab 14 at 25.   The appellant asserts that, on or about November 21, 2013, he filed a complaint with the Office of Special Counsel (OSC).   IAF, Tab 11 at 1.   The record includes a printout of an e-filing Form OSC-11 last saved on November 19, 2013.   *Id.* at 4-10.   The form does not indicate the OSC case number assigned to it.   *Id.* at 4.   It also does not include allegations of retaliation; instead, the appellant simply asserted that AIT employees were improperly assigned to new positions using noncompetitive processes during the reorganization.[3]   *Id.* at 4-10.

¶4      On November 22, 2013, the appellant contacted his fifth-level supervisor to complain about the noncompetitive placement of employees during the reorganization, informing the supervisor that he was already in the process of making disclosures regarding the reassignments.   *Id.* at 1, 15, 21-22.   In late November 2013, he filed a complaint with the agency Administrator's Hotline concerning the reassignments.   *Id.* at 38; IAF, Tab 14 at 28-29.   The agency responded to the Hotline complaint on February 6, 2014.   IAF, Tab 14 at 28.   He also filed related Inspector General (IG) complaints in November 2013 and February 2014.   IAF, Tab 11 at 38; Petition for Review (PFR) File, Tab 2 at 4-7.[4]

¶5      During June 2014, the appellant applied for the position of Deputy Director, Enterprise Program Management Service.   IAF, Tab 11 at 15, 17-19, 25-28, 39.

---

[3] The appellant's jurisdictional response includes a chronology summarizing various complaints he has filed.   IAF, Tab 11 at 38-41.   The chronology states that OSC assigned File No. MA-14-0509 and closed it "due to lack of jurisdiction over FAA (with the exception of [w]histle [b]lower [r]etaliation)."   *Id.* at 38.   No further information is included in the record.

[4] The report of investigation for the appellant's IG complaint most clearly articulates the precise nature of his alleged protected disclosures.   The appellant disclosed that agency officials selected managers for the newly created AIT "without competition and without using [the agency's] Job Analysis Tool . . . to establish criteria for selection" and "pre-selected certain applicants for Senior Executive Service and L-band positions that were competed."   PFR, Tab 2 at 6.

He was interviewed once, but was not granted a second interview. *Id.* at 17. However, he asserted in his OSC complaint[5] that he was significantly more qualified than the selectee. *Id.* at 18-19, 39.

¶6      On September 5, 2014, the appellant filed a complaint with OSC. *Id.* at 1, 11-20. In the complaint, he alleged that he suffered adverse personnel actions, including nonselection for various promotion positions, because he disclosed in Hotline and IG complaints that four senior agency executives "placed" approximately 700 information technology employees in positions "without completing the necessary and proper job documentation, and without open and fair competition" during the reorganization. *Id.* at 41. OSC assigned the complaint File No. MA-14-4904. *Id.* On April 7, 2015, OSC informed the appellant that it had investigated his complaint and "[t]erminated its inquiry into [his] allegations." *Id.* at 41-42. OSC's letter also informed him of his right to seek corrective action from the Board. *Id.* at 41. He filed this appeal. IAF, Tab 1.

¶7      The administrative judge gave the appellant an opportunity to file a jurisdictional response, and he did so.[6] IAF, Tabs 3, 11. The agency also filed a response. IAF, Tabs 14-16. The administrative judge decided the appeal based on the written record. IAF, Tab 17, Initial Decision (ID) at 1. He found that the appellant exhausted his administrative remedies for File No. MA-14-4904, and timely filed his IRA appeal with the Board. ID at 2 & n.1, 4-5. He nevertheless found that the appellant's jurisdictional response failed to specify the type of protected disclosure he alleged to have made. ID at 6. The administrative judge examined the alleged protected disclosure with respect to the statutory definition

---

[5] The OSC complaint does not clearly state when the selection was made, but the vacancy announcement for the position was open between June 12 and June 20, 2014. *Compare* IAF, Tab 11 at 18-19, *with id.* at 25.

[6] The appellant, however, did not avail himself of the opportunity to file a supplemental jurisdictional pleading. IAF, Tab 10 at 2.

and found the appellant's allegations to be too vague and conclusory to bring the complaint within the protection of the Whistleblower Protection Enhancement Act (WPEA). ID at 6-9; *see* 5 U.S.C. § 2302(b)(8). Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 9-10.

¶8        On review, the appellant argues that the administrative judge erroneously found that he did not reasonably believe that agency senior management engaged in prohibited personnel practices when, as he claimed, they noncompetitively filled positions during the reorganization. PFR File, Tab 1 at 6-8; *see* ID at 6-9. He explains that correspondence he recently received regarding his IG complaints establishes the reasonableness of his belief that agency managers committed prohibited personnel practices. PFR File, Tab 1 at 8; *see* IAF, Tab 11 at 38. The correspondence, he explains, includes a report of investigation (ROI) dated May 15, 2015, which confirms that the IG conducted a year-long investigation based upon his complaints.[7] PFR File, Tab 1 at 8, Tab 2 at 6-7.

### ANALYSIS

¶9        The ROI, which is newly submitted on review, postdates the close of the record below, and thus meets the Board's definition of new evidence.[8] *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that new evidence is evidence submitted for the first time with the petition for review that was unavailable before the record was closed despite the party's due diligence). To be considered, however, new evidence must be of sufficient weight to warrant

---

[7] The ROI concluded that the agency's "authority and rationale" to noncompetitively assign employees to managerial positions "appear[ed] sufficient," and that the IG found no information to suggest that any selectee for a position filled through a noncompetitive reassignment failed to meet the minimum qualifications for that position. PFR File, Tab 2 at 6-7.

[8] The agency transmitted the ROI to the appellant about 1 week after the initial decision was issued. *Compare* PFR File, Tab 2 at 4, *with* ID at 1. The letter accompanying the ROI indicates that the appellant sought release of the ROI while the record was open. *Compare* PFR File, Tab 2 at 4, *with* IAF, Tab 10 at 2.

an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has not shown that the ROI is of sufficient weight to warrant a different outcome.

¶10     The administrative judge determined that the appellant failed to nonfrivolously allege that he made a protected disclosure.[9] We agree. In his OSC complaint, the appellant alleged he disclosed that four senior agency executives "placed" approximately 700 information technology employees in positions "without completing the necessary and proper job documentation, and without open and fair competition." IAF, Tab 11 at 14-15. As the administrative judge correctly explained, the appellant's allegation does not contain information that he reasonably believed evidenced gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 5-9; *see* 5 U.S.C. § 2302(b)(8). As for whether the appellant alleged a violation of law, rule, or regulation, a protected disclosure must be specific and detailed, and not a vague allegation of wrongdoing. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The appellant did not and still does not allege any *specific* violation of a law, rule, or regulation. Instead, he continues to allege *generally* that the agency's noncompetitive reassignment of personnel during the reorganization violated merit systems principles. PFR File, Tab 1 at 6-8; IAF, Tab 1 at 5; *see* 5 U.S.C. § 2301(b); *cf. Salerno*, 123 M.S.P.R. 230, ¶ 9.

¶11     Moreover, a nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidences one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).

---

[9] The administrative judge addressed only the appellant's Hotline complaint. ID at 2. The appellant's IG disclosures also were exhausted in his OSC complaint. IAF, Tab 11 at 14-15, 38. The appellant's November 2013 OSC complaint reports the same allegations as well, and the appellant listed it as a disclosure in his September 2014 OSC complaint. *Id.* at 4-10, 14-15, 38.

*Salerno*, [123 M.S.P.R. 230](#), ¶ 6.  An appellant need not establish an actual violation of one of the categories of wrongdoing listed in section 2302(b)(8) to demonstrate that he had a reasonable belief that he made a protected disclosure. *See Stiles v. Department of Homeland Security*, [116 M.S.P.R. 263](#), ¶ 17 (2011). Rather, he need prove only that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude the agency's actions evidenced one of the categories of wrongdoing listed therein.  *See* [5 U.S.C. § 2302](#)(b)(13); *Shannon v. Department of Veterans Affairs*, [121 M.S.P.R. 221](#), ¶ 22 (2014).  When we consider the essential facts known to and readily ascertainable by the appellant, however, we note that he is a supervisory employee with managerial aspirations, he has 32 years of supervisory and technical leadership experience, 24 years in the U.S. Navy, and is certified as a project management professional.  IAF, Tab 11 at 18-19, 23.  His Government sector experience suggests at least some familiarity with agency reorganization and sources of authority for the reassignment of employees in some circumstances.  Thus, the appellant could not have had a reasonable belief to speculate, as he seems to do here, that a noncompetitive reassignment is by its very nature suspect.  *See Phillip v. Merit Systems Protection Board*, [No. 2016-1002](#), 2016 WL 929856, at *2 (Fed. Cir. Mar. 11, 2016) (holding that a claim that "possible unscrupulous practices" were occurring at the workplace did not constitute a nonfrivolous allegation of a protected disclosure)[10]; *Barela v. Merit Systems Protection Board*, [388 F. App'x 965](#), 967 (Fed. Cir. 2010); *Linder v. Department of Justice*, [122 M.S.P.R. 14](#), ¶ 14 (2014).

¶12   In addition, the appellant's assertion that the IG's lengthy investigation establishes the reasonableness of his belief, PFR File, Tab 1 at 8, does not provide a basis for disturbing the initial decision , as many factors could delay or

---

[10] The Board has held that it may rely on unpublished decisions of the Federal Circuit if, as it does here, it finds the reasoning persuasive. *Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 245](#), ¶ 11 n.2 (2010).

extend an investigation. We further note that the IG found no violation of policy or merit system principles and that the agency's authority and rationale to reassign employees noncompetitively appeared sufficient on its face. PFR File, Tab 2 at 6. At most, notwithstanding the IG investigation and report, the appellant's disclosure constitutes a general philosophical or policy disagreement with the agency regarding the reorganization, which does not otherwise constitute a protected disclosure under the WPEA. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (citing 5 U.S.C. § 2302(a)(2)(D)); *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 12 (2000) (concluding that the appellant's statement that he met with the agency IG to report "ongoing fraud in [Resource Sharing] contracts" lacked the detail necessary to constitute a nonfrivolous allegation of a violation of law, rule or regulation, gross mismanagement, gross waste of funds, abuse of authority, or danger to public health or safety). After extensively reviewing the appellant's written submissions, we conclude that he failed to allege nonfrivolously any of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8), and he did not make a protected disclosure.

¶13     Because the initial decision does not address whether the appellant nonfrivolously alleged that his disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action, we do so here. *See* 5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The appellant met his jurisdictional burden for only one of several personnel actions he alleged—his nonselection as Deputy Director of the Enterprise Program Management Service. His allegations regarding this nonselection are relatively specific, and he has provided some other evidence in support of this claim. IAF, Tab 11 at 15, 18-19, 25-28, 39. He also alleged that he was passed over "numerous times" for promotion, removed from a "high-level" internal detail, blamed for his supervisor's failure to complete certain tasks, offered a position in a lower-pay band, and "harassed" and

"threatened" at various times. *Id.* at 17. Except for a listing from his USAJobs account showing the positions for which he apparently applied, he offered no evidence or specific details about these alleged personnel actions. *See id.* at 29-30.

¶14    As for attempting to prove contributing factor, the appellant made a minimal nonfrivolous allegation that the protected disclosure was *one* factor that affected the agency's nonselection. *See Salerno*, 123 M.S.P.R. 230, ¶ 13. His nonselection followed his disclosures by only a few months, and he nonfrivolously alleged that his fifth-level supervisor informed her senior staff, including persons involved in the selection process, about her conversation with him. IAF, Tab 11 at 15, 18, 21-22. Although the appellant satisfied his jurisdictional burden for this element, he nevertheless failed to establish the Board's jurisdiction because he fell short of nonfrivolously alleging that he made a protected disclosure.

¶15    Finally, the appellant raises additional issues on review to which we now turn. He questions the administrative judge's observation in the initial decision that he may have made disclosures in an effort to secure a better position for himself during the reorganization. PFR File, Tab 1 at 8-9; ID at 9. While the appellant correctly states that an employee's motivation for making a disclosure does not render that disclosure unprotected, *see* 5 U.S.C. § 2302(f)(1)(C), the administrative judge's comment appears to have been made as an aside rather than as an element of jurisdictional analysis. The administrative judge did not state that the appellant's alleged disclosures were unprotected because of his purported motive for making them. The appellant also has neither alleged nor proven judicial bias. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (holding that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v.*

*United States*, [510 U.S. 540](), 555 (1994)); *Oliver v. Department of Transportation*, [1 M.S.P.R. 382](), 386 (1980) (finding that in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

¶16    Similarly, the appellant takes issue with the administrative judge's finding that he failed to support his claim that his managers abused their supervisory authority by threatening his career. PFR File, Tab 1 at 10-11; *see* ID at 7-8. He cites an April 18, 2014 email message from the Information Technology Infrastructure Director which instructed him "to focus your attention on the personnel, programs and projects for which you have responsibility and for which your performance will be evaluated." PFR File, Tab 1 at 11; IAF, Tab 11 at 34. The matter discussed in this series of email messages—the lifecycle cost of an agency information system—is unrelated to the appellant's alleged protected disclosures reported to OSC in File No. MA-14-4904. IAF, Tab 11 at 11-20, 34-36. Further, the language in the email to which the appellant objects is in the nature of managerial direction and not on its face threatening or retaliatory, as he argues. Accordingly, we affirm the initial decision as modified.[11]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

[11] The only OSC complaint cited in the petition for review is the form dated November 19, 2013. PFR File, Tab 1 at 6-7; IAF, Tab 11 at 4-10. The September 5, 2014 OSC complaint is the basis for this appeal.

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.